The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Wayne R. ANDERSON,**
**Defendant-Appellant.**

No. 84CA0139.

Colorado Court of Appeals,
Division II.

March 21, 1985.

Rehearing Denied April 25, 1985.

Certiorari Denied Aug. 19, 1985.

dy orders and to obtain a "new trial" on that charge. He also seeks review of the allegedly excessive amount of his bail. We affirm the order dismissing the motion and dismiss the request for review of bail.

On May 27, 1983, based on a plea agreement and a written stipulation, defendant pled guilty to a charge of violation of custody orders, a class 5 felony. *See* § 18–3–304, C.R.S. (1978 Repl.Vol. 8), The trial court accepted the plea and, pursuant to the deferred judgment and sentencing statute, § 16–7–403, C.R.S. (1978 Repl.Vol. 8), ordered the case continued to May 27, 1985, for (1) judgment and sentence or (2) withdrawal of guilty plea and dismissal of the charge.

On August 19, 1983, an evidentiary hearing was conducted on a motion by the People to revoke the order for deferred judgment and sentence. At that time defendant orally moved the court to allow him to withdraw his guilty plea and to have the matter set for trial on the original charge. The court denied both motions and continued the deferred judgment as originally ordered.

On September 2, 1983, defendant filed a "motion and brief for a new trial" in which, based on claims that the People had violated the plea agreement and stipulation, he asked the court to allow him to withdraw his guilty plea and to grant a new trial. In January 1984, the motion was dismissed on the ground that, since there had not been a trial, there cannot be a "new trial."

I.

Defendant's motion was designated as a motion for new trial under Crim.P. 34. Crim.P. 34 pertains to arrest of judgment if the information does not charge an offense or if the court was without jurisdiction of the offense charged. Therefore, this rule is inapplicable here.

Viewed as a "new trial" motion under Crim.P. 33, the motion was properly denied on the ground stated by the trial court. Since there was no trial, there cannot be a "new trial." Also, Crim.P. 33 requires that such a motion be filed "within fifteen days after verdict or finding of

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Wayne R. Anderson, pro se.

VAN CISE, Judge.

Defendant, Wayne R. Anderson, appeals the trial court's order of January 10, 1984, dismissing his motion to withdraw his guilty plea to a charge of violation of custo-

guilt." The plea was accepted and the order for "deferred judgment and sentence" was entered May 27, 1983, more than three months before the filing of the motion. The People moved to strike the motion, and defendant made no showing of excusable neglect to justify his late filing. *See People v. Masamba*, 39 Colo.App. 197, 563 P.2d 382 (1977).

Despite the designation and statutory basis set forth in the motion, defendant asked that he be allowed to withdraw his guilty plea and to go to trial on the charge. The rule pertaining to withdrawal of a guilty plea, Crim.P. 32(d), provides that such a motion "may be made only *before* sentence is imposed or imposition of sentence is suspended." Entry of a deferred judgment is the equivalent of suspension of sentence; therefore, viewed as a Crim.P. 32(d) motion, it was not timely filed. Moreover, when, as here, there has been no judgment of conviction entered on the guilty plea and no sentence imposed, the order denying the withdrawal of the plea is interlocutory and is not in itself a final appealable order as required by C.A.R. 1(a)(1). *See State v. Harrah*, 118 Colo. 468, 196 P.2d 256 (1948). This court has no jurisdiction to hear interlocutory appeals or to issue original writs. C.A.R. 4.1(a) and 21(a). *See* § 13–4–102, C.R.S. (1984 Cum.Supp.).

Crim.P. 35 applies to postconviction remedies. Here, there has been no judgment of conviction and no sentence entered. Therefore, review under this rule is not available.

The deferred judgment and sentencing statute, § 16–7–403, C.R.S. (1978 Repl.Vol. 8) contains no provision for withdrawal of a plea once the parties have stipulated to and the court has entered its order of deferral, except that upon full compliance with the stipulated conditions of the defendant, "the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice." Here, that dismissal is scheduled for May 27, 1985.

Accordingly, we conclude that the motion was properly dismissed. Such dismissal is without prejudice to the right to raise the same issues in the event of an appeal after entry of judgment of conviction and sentence on this charge.

II.

Defendant also raises an issue concerning the reasonableness of his $50,000 bail on which he is at liberty pursuant to the deferred judgment order. Bail was originally set at $100,000 but was decreased to $50,000 by the trial court. Defendant was then released on a $50,000 personal recognizance bond co-signed by his mother.

There is nothing in the record to show that defendant complied with the requirements of Crim.P. 46(a)(6) or 46(c), nor is there any showing that the bail set is unreasonable under the circumstances of this case. Therefore, the request for review is dismissed.

The order dismissing the motion is affirmed and the request for review of bail is dismissed.

BERMAN and KELLY, JJ., concur.