The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Luis A. LUNA, Defendant–Appellant.

No. 91CA1513.

Colorado Court of Appeals, Div. III.

March 11, 1993.

Rehearing Denied April 15, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah I. Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Justice HODGES *.

Defendant, Luis Luna, appeals the orders of the trial court denying his motions to withdraw his guilty plea and for post-conviction relief. We reverse and remand for further proceedings.

Defendant, a Mexican national, entered a plea of guilty to one count of possession of a controlled substance. The presentence report noted defendant's citizenship and recommended deportation following a term of incarceration. Counsel, previously unaware of defendant's citizenship, recommended that defendant file a motion to withdraw the plea and counsel withdrew from further representation.

A motion to withdraw the plea of guilty was timely filed by newly retained counsel. The prosecution responded by citing *People v. Pozo*, 746 P.2d 523 (Colo.1987) and asserting that as counsel had been unaware of defendant's alien status, defendant was not entitled to relief. Since the prosecution made no allegation of prejudice resulting from the withdrawal of the plea, in our view, *Pozo* is not relevant to issue involved here.

Following a brief hearing, the trial court denied the motion. Defendant then sought a writ of mandamus, which our supreme court denied.

A second motion to withdraw the plea of guilty was filed and was denied prior to the time of sentencing. Also, immediately following sentencing, the trial court denied defendant's Crim.P. 35 motion which asserted as grounds for relief that defendant was not aware of deportation consequences when he pled guilty and would not have entered this plea had he been made aware of such consequences.

I.

On appeal, defendant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing. We agree.

Crim.P. 32(d) provides for a motion to withdraw a plea of guilty before sentence is imposed. And, to be entitled to withdraw a plea prior to sentencing, defendant must show a "fair and just" reason for the withdrawal. *People v. Chippewa*, 751 P.2d 607 (Colo.1988). *See* III ABA, Standards of Criminal Justice, Standard 14–2.1(a)(2d ed. 1980) ("before sentence, the court should allow the defendant to withdraw the plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon defendant's plea.").

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

**1328**

■ A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court.

■ Defendant here sought withdrawal of his guilty plea before he was sentenced, and the only issue for the trial court's consideration was whether defendant had established a fair and just reason for withdrawal of his guilty plea and whether any prejudice to the prosecution would be caused by the withdrawal of the plea.

Here, the record reveals that defendant's counsel and the court at the time of the providency hearing were unaware of his alien status and the deportation possibility defendant faced as a result of his plea of guilty and conviction. Defendant spoke fluent English and had family residing in Denver. Also, defendant argued to the trial court that at the time he entered the guilty plea he was unaware of the deportation consequences.

Immediately upon learning of the potential deportation consequences, defendant filed a motion to withdraw his guilty plea. Also, the prosecution did not allege any prejudice arising from the withdrawal in either its written response to defendant's motion, or in argument to the court.

Under these circumstances, we conclude that defendant established a fair and just reason for withdrawal of his guilty plea and that the trial court abused its admittedly broad discretion in denying his motion to withdraw his plea.

In light of our holding, we need not consider defendant's remaining contentions.

The orders are reversed, and the cause is remanded with directions that the trial court enter an order vacating defendant's conviction and reinstating the original charges.

CRISWELL and NEY, JJ., concur.