23CA0703 Peo v Garcia 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0703 Moffat County District Court No. 21CR121 Honorable Sandra H. Gardner, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Christina Garcia, Defendant-Appellant. ORDER AFFIRMED Division IV Opinion by JUDGE RICHMAN* Navarro and Pawar, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee K. Andrew Fitzgerald, Alternate Defense Counsel, Grand Junction, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.
1 ¶ 1 Defendant, Christina Garcia, appeals the trial court’s order denying her Crim. P. 32(d) motion without a hearing. We affirm. I. Background ¶ 2 The prosecution charged Garcia with possession with the intent to manufacture or distribute a controlled substance, unlawful possession of a controlled substance, tampering with physical evidence, child abuse, and a special offender count. The case proceeded to trial, but on the second day, Garcia entered into a plea agreement. She pleaded guilty to an amended count of possession with intent to distribute in exchange for (1) the dismissal of the remaining charges and two other cases, and (2) a stipulated sentence of four years in the custody of the Department of Corrections. ¶ 3 Three days later, Garcia’s counsel moved to withdraw her guilty plea under Crim. P. 32(d). The motion alleged that Garcia had sent the following email to counsel the day after entering her guilty plea: Okay this is very concerning I wasn’t properly informed about the consequences of this plea deal and about these charges this is not good. And the prosecutor relied [sic] to the judge and to me he did not change his P agreement after 
2 I got new charges he changed it after the judge found no violations out of 17 in the discovery violation motion hearing this is b*******. It further alleged that Garcia “was, and still is, very confused about the consequences of the guilty plea” and there were “fair and just reasons” for allowing her to withdraw her guilty plea. ¶ 4 The trial court denied the motion without a hearing, concluding, among other things, that the pleading “failed to make even an initial showing . . . that there is a ‘fair and just reason’ for the withdrawal of [the] plea” and was facially “insufficient to support the relief requested.” The court sentenced Garcia pursuant to the plea agreement. II. Discussion ¶ 5 Garcia contends that the trial court abused its discretion by denying her Crim. P. 32(d) motion without a hearing. We disagree. ¶ 6 Whether to grant a motion to withdraw a guilty plea is within the discretion of the trial court and denial of such a motion will not be overturned unless the court abused that discretion. People v. Chippewa, 751 P.2d 607, 609 (Colo. 1988). To constitute an abuse of discretion, the trial court’s ruling must be manifestly arbitrary, 
3 unreasonable, or unfair. People v. DiGuglielmo, 33 P.3d 1248, 1250 (Colo. App. 2001). ¶ 7 Crim. P. 32(d) permits a defendant to file a motion to withdraw a guilty plea before their sentence is imposed. Kazadi v. People, 2012 CO 73, ¶ 14. But a defendant does not have an absolute right to withdraw a plea. Id. Rather, to warrant withdrawal, a defendant has the burden of establishing a fair and just reason for it and must make some showing that denial of the request will subvert justice. Id. at ¶¶ 14-15; Maes v. People, 155 Colo. 570, 575, 396 P.2d 457, 459 (1964). There is no requirement that the trial court hold an evidentiary hearing on a Crim. P. 32(d) motion. DiGuglielmo, 33 P.3d at 1250 (trial court properly denied relief without a hearing where the defendant failed to assert facts demonstrating a fair and just reason for withdrawal); People v. Lopez, 12 P.3d 869, 872 (Colo. App. 2000) (conclusory allegations were not sufficient to warrant a hearing on a Crim. P. 32(d) claim). ¶ 8 Garcia’s self-described “bare-bones motion” provided the following reasons for withdrawing her guilty plea: (1) she “wasn’t properly informed about the consequences of her plea”; (2) she “was, and still is, very confused about the consequences” of the 
4 plea; and (3) there were “fair and just reasons” for allowing her to withdraw her plea.
1 ¶ 9 We perceive no abuse of discretion in the trial court’s determination that these bare and conclusory allegations “failed to make even an initial showing . . . that there [wa]s a ‘fair and just reason’ for the withdrawal of [the] plea.” Garcia did not set forth what consequences she was misinformed or confused about, and did not state with any particularity that a reason — let alone a fair and just one — existed for allowing her to withdraw her plea. Nor did she make even the barest of allegations that justice would be subverted by the denial of her motion. See Maes, 155 Colo. at 575, 396 P.2d at 459 (There must be some showing that justice will be subverted “[t]o warrant the exercise of discretion favorable to a defendant concerning a change of plea.”); see also Kazadi, ¶ 14. ¶ 10 We are not persuaded otherwise by Garcia’s reliance on People in Interest of J.D., 2017 COA 156, ¶ 18, aff’d on other grounds, 2020 1 The email quoted in the motion also appeared to complain about the trial court’s ruling on a discovery issue and previous plea offers extended by the prosecution. But the motion did not tether these complaints to the request to withdraw Garcia’s guilty plea. Nor does Garcia reference them on appeal. 
5 CO 48, for the proposition that “the law contemplates evidentiary hearings on Rule 32(d) motions,” except in the rarest of cases. True, the cited portion of J.D. states that Rule 32(d) motions “often, but not always, require[] an evidentiary hearing.” Id. at ¶ 18. But it offers no opinion on the circumstances that permit a court to summarily deny such a motion. As noted, other authorities do, and they control our analysis here. III. Disposition ¶ 11 The order is affirmed. JUDGE NAVARRO and JUDGE PAWAR concur.