2015 COA 69

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Marcos MARTINEZ–HUERTA, Defendant–Appellant.**

**Court of Appeals No. 14CA0578**

Colorado Court of Appeals, Div. VII.

Announced May 21, 2015

be reinstated if the 106(a)(4) action aimed at the Planning Commission is not."

Cynthia H. Coffman, Attorney General, Erin K. Grundy, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Estrella Law Firm, Aaron Elinoff, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE LICHTENSTEIN

¶ 1 Defendant, Marcos Martinez–Huerta, appeals the trial court's summary denial of his untimely filed Crim. P. 35(c) motion for postconviction relief challenging the validity of his guilty plea.

¶ 2 This case addresses whether a defendant is entitled to a hearing on the issue of justifiable excuse or excusable neglect for the untimely filing of a Crim. P. 35(c) motion, when a defendant alleges that the untimely filing resulted from his reasonable reliance on plea counsel's affirmative, but erroneous, advice about the immigration consequences of the plea which caused defendant to neglect to pursue timely collateral relief. We conclude that such allegations are sufficient to merit a hearing on the issue of justifiable excuse or excusable neglect.

¶ 3 Accordingly, we reverse the trial court's order and remand with directions to the trial court to hold a hearing on the issue of justifiable excuse or excusable neglect. If the trial court finds that justifiable excuse or excusable neglect exists for this late filing, then the court should determine the merits of Martinez–Huerta's Crim. P. 35(c) motion.

I. Background

¶ 4 In April 2007, Martinez–Huerta, a citizen of Mexico and a lawful permanent resident of the United States, pleaded guilty to vehicular eluding, a class five felony. At that time he also admitted to violating the terms of his deferred judgment and sentence on an unrelated 2006 felony. In July 2007, the court sentenced him in both cases to concurrent terms of probation, totaling three years, with various conditions including the service of jail time.

¶ 5 In August 2013, Martinez–Huerta was placed into removal proceedings pursuant to section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as a non-citizen who, after admission, was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. 8 U.S.C. § 1227(a)(2)(A)(ii) (2012). He was ordered removed from the United States in December 2013.

¶ 6 In 2014, Martinez–Huerta filed a Crim. P. 35(c) motion seeking to withdraw his guilty plea. He alleged ineffective assistance of plea counsel and asserted he had a justifiable excuse for the untimely filing because his defense attorney "assur[ed] him that a conviction would not have any immigration consequences," and thus, he was "excusably unaware" that his counsel was ineffective "until the consequences of the plea came to light." The trial court summarily denied his Crim. P. 35(c) motion as time barred. This appeal followed.

## II. Section 16–5–402(2)(d) Exception to Time Bar

¶ 7 Martinez–Huerta contends that the trial court erred when it summarily denied, as untimely, his Crim. P. 35(c) motion. Martinez–Huerta asserted in his Crim. P. 35(c) motion that due to his reliance on his plea counsel's erroneous advice, he was unaware of the need to challenge his conviction until August 2013 when he was placed in deportation proceedings. We conclude that Martinez–Huerta has pleaded facts that warrant a hearing on justifiable excuse or excusable neglect.

### A. Standard of Review

¶ 8 "Justifiable excuse or excusable neglect based on the alleged ineffective assistance of counsel is a matter that should be addressed, in the first instance, by the trial court." *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008). Our review is limited to the question of whether the defendant "was entitled to a hearing to determine the applicability of the time bar." *Id.* Thus, we review de novo "whether the facts alleged, if true, could constitute justifiable excuse or excusable neglect," and therefore merit a hearing. *Id.*

### B. Relevant Law

¶ 9 A guilty plea must be voluntarily, knowingly, and intelligently made to be valid and constitutional. *People v. Antonio–Antimo*, 29 P.3d 298, 301 (Colo. 2000). A defendant may seek review under Crim. P. 35 if he or she alleges that the conviction was unconstitutionally obtained. Crim. P. 35(c)(2)(I).

¶ 10 Claims brought under Crim. P. 35(c) are subject to the time bar of section 16–5–402(1), C.R.S. 2014, which provides, as relevant here, that a defendant has three years from the date of a felony conviction to commence a collateral attack on that conviction. *People v. Alexander*, 129 P.3d 1051, 1056 (Colo. App. 2005).

¶ 11 A trial court may deny an untimely Crim. P. 35(c) motion without a hearing unless the defendant alleges that "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16–5–402(2)(d). The defendant must allege "facts that, if true, would establish justifiable excuse or excusable neglect." *Close*, 180 P.3d at 1019.

¶ 12 Our supreme court has identified a non-exhaustive list of factors to consider in addressing the applicability of the justifiable excuse or excusable neglect time bar exception, including: (1) whether there are circumstances or outside influences preventing a challenge to a prior conviction and the extent to which a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available; (2) whether a defendant had any previous need to challenge a conviction and either knew that the conviction was constitutionally infirm or had reason to question its validity; (3) whether a defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; and (4) whether the passage of time has had an effect on the state's ability to defend against the challenge. *Id.* at 1019–20; *People v. Wiedemer*, 852 P.2d 424, 441–42 (Colo. 1993).

¶ 13 "Because the strength of the individual and societal interests implicated" will vary in each case where the exception in section 16–5–402(2) is invoked, "any attempt to define precisely the meaning of the exception would be unworkable and unwise." *Wiedemer*, 852 P.2d at 441.

### C. Discussion

¶ 14 Martinez–Huerta alleges that he has asserted justifiable excuse or excusable neglect because he relied on his plea counsel's erroneous assurance that his plea would not have any immigration consequences.

¶ 15 He alleges that he was unaware of the plea's invalidity until deportation proceedings began in 2013. He asserts that he would not have entered the plea had he been properly advised because his "sole concern" was to "preserve his immigration status." But, because the consequences of his plea counsel's erroneous advice did not "surface[e] [until] several years after the expiration of the limitations period," he was denied the opportunity to collaterally attack his conviction.

■ ¶ 16 Attorneys have a duty to research relevant immigration law for their non-citizen clients, and when the law is clear, they must advise their clients correctly regarding the immigration consequences of their guilty pleas. *People v. Pozo*, 746 P.2d 523, 529 (Colo. 1987); *People v. Kazadi*, 284 P.3d 70, 73 (Colo. App. 2011), *aff'd*, 2012 CO 73, 291 P.3d 16.

¶ 17 Generally, the absence of, or failure to give, advice does not establish justifiable excuse or excusable neglect. *Alexander*, 129 P.3d at 1056 (counsel's failure to advise the defendant of the time bar does not establish justifiable excuse); *People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001) (counsel's failure to advise defendant of rights under the Uniform Mandatory Disposition of Detainers Act (UMDDA) did not constitute justifiable excuse). And, ignorance of the law or a recent discovery of a basis to challenge the conviction also does not constitute justifiable excuse or excusable neglect. *People v. White*, 981 P.2d 624, 626 (Colo. App. 1998) (ignorance of the time bar does not constitute justifiable excuse); *People v. Vigil*, 955 P.2d 589, 591 (Colo. App. 1997) ("ignorance of the law" does not amount to a sufficient showing of justifiable excuse); *Slusher*, 43 P.3d at 651 (The "recent discovery of a legal basis for a collateral attack on a conviction does not constitute excusable neglect.").

■ ¶ 18 But, as alleged by Martinez–Huerta, the present case does not implicate an attorney's failure to advise or a defendant's own passive ignorance of the law, as was the case in *Slusher*, where that defendant's allegation that his counsel failed to advise him of his UMDDA rights did not excuse his delay in raising the issue. *Slusher*, 43 P.3d at 651. Rather, Martinez–Huerta asserts that his untimely filing resulted from

counsel's affirmative and erroneous advice, which caused him to neglect to pursue timely collateral relief. And the existing record does not contradict his assertions or otherwise reveal he was correctly advised of the immigration consequences of his plea. Thus, we must decide whether the facts alleged, if true, could constitute justifiable excuse or excusable neglect, and therefore merit a hearing. *See Close*, 180 P.3d at 1019–20; *Wiedemer*, 852 P.2d at 441 (considerations include whether the defendant knew that the conviction was constitutionally infirm or had reason to question its validity).

¶ 19 As explained below, we conclude that these facts meet this threshold, meriting a hearing.

¶ 20 In *People v. Germany*, our supreme court recognized that there are circumstances where "the failure to assert an earlier claim was the result of circumstances other than [the defendant's own] culpable neglect." 674 P.2d 345, 353 (Colo. 1983). Similarly, in *People v. Rowe*, a division of this court determined that "[e]xcusable neglect is present if the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty or if there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as a result of some unavoidable hindrance or occurrence." 837 P.2d 260, 265 (Colo. App. 1992), *rev'd on other grounds*, 856 P.2d 486 (Colo. 1993).

■ ¶ 21 Ineffective assistance of counsel can constitute justifiable excuse or excusable neglect in circumstances where counsel's ineffectiveness prevented the defendant from pursuing a timely claim for postconviction relief. *People v. Valdez*, 178 P.3d 1269, 1278 (Colo. App. 2007).

¶ 22 When an individual is represented by an attorney, it is reasonable to expect that he would rely on his attorney's advice. *Pozo*, 746 P.2d at 526 ("One who relies on the advice of a legally trained representative when answering criminal charges is entitled to assume that the attorney will provide sufficiently accurate advice to enable the defendant to fully understand and assess the serious legal proceedings in which he is involved."). Absent circumstances that would cause a reasonable person to question

his or her counsel's advice, it would be unreasonable to expect an individual, who had affirmatively been advised otherwise, to file a collateral attack on a plea agreement just in case the plea might—contrary to counsel's explicit advice—result in adverse immigration consequences.

¶ 23 And here, no negative immigration consequences appeared for over seven years, which could further suggest that Martinez–Huerta had no reason to question his attorney's advice, much less the validity of his plea. *See Close,* 180 P.3d at 1019.

¶ 24 Under these circumstances, "we are reluctant to conclude, as a matter of law, that justifiable excuse or excusable neglect did not exist." *People v. Clouse,* 74 P.3d 336, 341 (Colo. App. 2002); *see also Pozo,* 746 P.2d at 528 (noting the "harsh consequences of deportation").[1]

¶ 25 Therefore, we remand the case to the trial court to hold a hearing to determine whether justifiable excuse or excusable neglect existed for Martinez–Huerta's untimely filing allegations of ineffective assistance of counsel. *See Close,* 180 P.3d at 1019. If, on remand, the trial court finds no justifiable excuse or excusable neglect, the denial of Martinez–Huerta's motion will stand affirmed, subject to his right to appeal that determination. If the trial court finds that justifiable excuse or excusable neglect exists for this filing, then the court should determine the merits of Martinez–Huerta's Crim. P. 35(c) motion.

### III. Conclusion

¶ 26 The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE NAVARRO and JUDGE ROY * concur.

---

1. We do not decide whether Martinez–Huerta's plea counsel was ineffective—whether his performance was deficient or whether Martinez–Huerta experienced prejudice—because the merits of his motion are not before us on appeal. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v.*