Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 17, 2019

**2019 CO 59**

**No. 17SC61, *People v. Chavez-Torres* — Postconviction Relief—Justifiable Excuse or Excusable Neglect—Entitlement to a Hearing—Advice by Plea Counsel Regarding the Immigration Consequences of a Guilty Plea.**

The supreme court agreed to review this case to determine whether a noncitizen defendant is entitled to a hearing on the timeliness of his Crim. P. 35(c) postconviction motion when he invokes the justifiable excuse or excusable neglect exception to the statutory time bar and alleges that plea counsel provided him no advice regarding the immigration consequences of his plea.  It concludes that the answer generally depends on the specific allegations set forth in the motion; however, when the plea agreement or the plea hearing transcript is submitted, the trial court should consider it in conjunction with the allegations advanced.

The defendant alleged that he had no reason to question or investigate plea counsel's failure to advise him regarding the immigration consequences of his plea.  Further, although he was not required to do so, the defendant submitted the plea agreement and the plea hearing transcript with his motion, and neither referenced immigration consequences.  Therefore, the supreme court concludes that the factual allegations in the defendant's motion (which must be assumed to be true), when

considered in conjunction with the plea agreement and the plea hearing transcript, are sufficient to establish justifiable excuse or excusable neglect for failing to collaterally attack the validity of his felony conviction within the applicable limitations period. Accordingly, the defendant is entitled to a hearing.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2019 CO 59

---

### Supreme Court Case No. 17SC61
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA1507

---

### Petitioner:

The People of the State of Colorado,

v.

### Respondent:

Israel Chavez-Torres.

---

### Judgment Affirmed
*en banc*
June 17, 2019

---

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
Carmen Moraleda, Assistant Attorney General
    *Denver, Colorado*

**Attorneys for Respondent:**
The Noble Law Firm, LLC
Antony Noble
Matthew Fredrickson
    *Lakewood, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1     Is a noncitizen defendant entitled to a hearing on the timeliness of his Crim. P. 35(c) postconviction motion when he invokes the justifiable excuse or excusable neglect exception and alleges that plea counsel provided him no advice regarding the immigration consequences of his plea? The answer generally depends on the specific allegations set forth in the motion. However, when the plea agreement or the plea hearing transcript is submitted, the trial court should consider it in conjunction with the allegations advanced.

¶2     In this case, we hold that Israel Chavez-Torres is entitled to a hearing. The factual allegations in his motion (which we must assume are true), when considered in conjunction with the plea agreement and the plea hearing transcript, are sufficient to establish justifiable excuse or excusable neglect for failing to collaterally attack the validity of his felony conviction within the applicable three-year limitations period. Chavez-Torres alleged that he had no reason to question or investigate his plea counsel's failure to advise him regarding the immigration consequences of his plea. Further, although he was not required to do so, Chavez-Torres submitted the plea agreement and the plea hearing transcript with his motion, and neither references the immigration consequences of his plea.

¶3     In the companion case we announce today, *People v. Alvarado Hinojos*, 2019 CO 60, __ P.3d __, we reach the opposite conclusion because we determine that the immigration advisement contained in the plea agreement, at a minimum, gave Alvarado Hinojos reason to question the accuracy of his plea counsel's allegedly erroneous advice

regarding the immigration consequences of the plea. Thus, even taking at face value the allegations in Alvarado Hinojos's motion, he was on notice at the time of his plea that he needed to diligently investigate his counsel's advice and, if appropriate, file a timely motion challenging the validity of the conviction.

¶4 The court of appeals ruled in this case that Chavez-Torres's motion merited a hearing on the applicability of the justifiable excuse or excusable neglect exception. We agree and therefore affirm its judgment. We remand with instructions to return the case to the trial court for a hearing.

## I. Factual and Procedural History

¶5 Chavez-Torres was born in Mexico. He immigrated to the United States with his mother and three sisters in 1991 when he was thirteen years old. In August 1996, while in high school, Chavez-Torres pled guilty to first-degree criminal trespass (a class 5 felony). He received a sentence to probation, which he completed successfully. In 2013, seventeen years after his conviction, the United States Department of Homeland Security ("DHS") notified Chavez-Torres that it had initiated removal proceedings against him based on his conviction. Chavez-Torres promptly consulted an immigration attorney who advised him that his conviction made him ineligible for cancellation of removal proceedings. The immigration attorney thus opined that plea counsel may have provided Chavez-Torres ineffective assistance by failing to provide an advisement about the immigration consequences of the plea.

¶6 In May 2015, based on the advice from his immigration attorney, Chavez-Torres sought postconviction relief by filing a motion pursuant to Crim. P. 35(c) attacking the

3

validity of his conviction. Chavez-Torres asserted that his plea counsel had provided him ineffective assistance by failing to advise him of the immigration consequences of his plea, even though she was aware of his immigration status. He acknowledged that his motion was untimely, as it was not filed within the applicable three-year limitations period in section 16-5-402(1), C.R.S. (2018). But he argued that the untimeliness resulted from circumstances constituting justifiable excuse or excusable neglect because he had no reason to question the effectiveness of his plea counsel's assistance—and, correspondingly, the constitutional validity of his conviction—until he was informed that DHS had initiated removal proceedings against him. He contended that when he learned his conviction prevented him from remaining in the United States, he realized that his plea counsel may have provided him ineffective assistance and that his conviction may be constitutionally infirm.

¶7 Although the prosecution did not respond to Chavez-Torres's motion, the trial court summarily denied it as untimely. It found that the motion was filed beyond the three-year limitations period in section 16-5-402(1), that the facts alleged were insufficient to trigger the justifiable excuse or excusable neglect exception set forth in section 16-5-402(2)(d), and that granting the requested relief would greatly prejudice the prosecution's case given the lengthy passage of time since the conviction. The trial court reasoned that the decision in *People v. Martinez-Huerta*, 2015 COA 69, 363 P.3d 754, foreclosed a hearing to determine the applicability of the justifiable excuse or excusable neglect exception to the statutory time bar. In *Martinez-Huerta*, the court of appeals held that the defendant's allegation that he accepted the prosecution's plea offer based on his

4

plea counsel's "affirmative, but erroneous" advice regarding the immigration consequences of the plea entitled him to a hearing to determine whether there were circumstances amounting to justifiable excuse or excusable neglect for failing to file a timely Rule 35(c) motion. *Id.* at ¶ 2, 363 P.3d at 755. Because Chavez-Torres's claim was based on his plea counsel's *failure to advise* him regarding the immigration consequences of his plea, not on his plea counsel's *erroneous advice* regarding such consequences, the trial court ruled that Chavez-Torres was not entitled to a hearing as a matter of law.

¶8        Chavez-Torres appealed, and a division of the court of appeals reversed. The division read *Martinez-Huerta* differently than the trial court and concluded that Chavez-Torres had asserted facts which, if true, would establish justifiable excuse or excusable neglect for failing to bring his Rule 35(c) motion within three years of the date of his conviction. The division also agreed with Chavez-Torres's argument that there was no support in the record for the trial court's determination that the prosecution would suffer great prejudice if the relief requested were granted. Therefore, the division concluded that Chavez-Torres is entitled to a hearing to determine the applicability of the justifiable excuse or excusable neglect exception to the three-year time bar.

¶9        The prosecution then petitioned for certiorari review, and we granted the petition.[1]

---

[1] We granted certiorari to review the following issue:

> Whether the court of appeals erred when it held that a non-citizen defendant's allegation that plea counsel failed to advise him of the adverse immigration consequences of a guilty plea was sufficient to

## II. Analysis

¶10    We begin by articulating the controlling standard of review. We then examine the time bar in section 16-5-402(1) and the justifiable excuse or excusable neglect exception in section 16-5-402(2)(d). After reviewing these provisions, we pivot to discuss our decision in *People v. Wiedemer*, where we interpreted the subsection (2)(d) exception. 852 P.2d 424, 440–42 (Colo. 1993). We end by applying *Wiedemer* to the facts alleged by Chavez-Torres, which we must assume are true, and conclude that, when considered in conjunction with the plea agreement and the plea hearing transcript, they would establish justifiable excuse or excusable neglect. Accordingly, we hold that Chavez-Torres is entitled to a hearing.

### A. Standard of Review

¶11    Whether the facts alleged, if true, would constitute justifiable excuse or excusable neglect pursuant to section 16-5-402(2)(d) so as to entitle the defendant to a hearing is a question of law. *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008).[2] Therefore, our review is de novo. *Id.*

---

warrant a hearing on whether he established justifiable excuse or excusable neglect for the untimely filing of his Crim. P. 35(c) motion.

[2] We recognize that our case law articulates the governing standard as both whether the facts alleged, if true, *would* constitute justifiable excuse or excusable neglect and whether the facts alleged, if true, *could* constitute justifiable excuse or excusable neglect. *See, e.g., Close*, 180 P.3d at 1019 (using "would"); *id.* (using "could"). We clarify today that the correct standard is whether the facts alleged, if true, *would* constitute justifiable excuse or excusable neglect. *See Wiedemer*, 852 P.2d at 440 n.15.

## B. Sections 16-5-402(1), (2)(d)

¶12    Section 16-5-402(1) establishes a three-year limitations period to bring a collateral attack against the validity of all felony convictions that are not class 1 felonies. Subsection (2) provides four exceptions to that time bar, one of which is relevant here:[3]

> (d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

Chavez-Torres invoked this exception, asserting justifiable excuse or excusable neglect for filing his motion after the limitations period expired.[4]

## C. *People v. Wiedemer*

¶13    In *Wiedemer*, we observed that a defendant who invokes the justifiable excuse or excusable neglect exception in subsection (2)(d) is not required to provide evidentiary support for his allegations. 852 P.2d at 440 n.15. Instead, his motion must allege facts which, if true, would entitle him to relief from the time bar. *Id.* To determine the applicability of this exception, the trial court has to consider "the particular facts of [the] case," mindful of "the overriding concern" under the Due Process Clause that defendants

---

[3] The limited number of exceptions reflects the General Assembly's "recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders." § 16-5-402(2).

[4] Chavez-Torres did not file a direct appeal. Therefore, his conviction became final for purposes of subsection (1) in 1997 when the deadline to file a direct appeal expired. *See People v. Hampton*, 876 P.2d 1236, 1239–40 (Colo. 1994). Because Chavez-Torres was convicted of a class 5 felony, he was required to file any collateral attack on his conviction within three years of the conviction becoming final.

7

must "have a meaningful opportunity to challenge their convictions." *Close*, 180 P.3d at 1019.

¶14     We have identified a nonexhaustive list of factors that are relevant to the justifiable excuse or excusable neglect exception in subsection (2)(d):

- whether circumstances or outside influences prevented a timely challenge to a conviction;

- the extent to which the defendant, having reason to question the constitutionality of a conviction, timely investigated its validity and took advantage of available avenues of relief;

- whether the defendant had any previous need to challenge a conviction and either knew it was constitutionally infirm or had reason to question its validity;

- whether the defendant had other means of preventing the government's use of a conviction, so that a postconviction challenge was previously unnecessary; and

- whether the passage of time affects the prosecution's ability to defend against the challenge.

*Id.* at 1019–20 (citing *Wiedemer*, 852 P.2d at 441–42).

¶15     But the question here is not whether Chavez-Torres was justifiably excused in filing his Rule 35(c) motion late or whether any neglect in his failure to file a timely motion is excusable. The question is narrower: Is Chavez-Torres entitled to a hearing on the timeliness of his motion?

¶16     *Wiedemer* provides guidance on this point as well. There, we said that "a Crim. P. 35(c) motion must allege facts that if true would establish justifiable excuse or excusable neglect in order to entitle the moving party to a hearing on the applicability of this exception to the time bar of § 16-5-402(1)." *Wiedemer*, 852 P.2d at 440 n.15. Consistent

8

with *Wiedemer*, in *Close*, we determined, as a matter of law, that Close's Rule 35(c) postconviction motion merited a hearing because it "alleged facts which, if true, would establish justifiable excuse or excusable neglect." 180 P.3d at 1022. Thus, whether a defendant who invokes the subsection (2)(d) exception to the applicable time bar is entitled to a hearing will generally depend on the specific factual allegations advanced in his motion.

¶17    However, we now conclude that, while a defendant is not required to provide evidentiary support for his allegations regarding justifiable excuse or excusable neglect, the trial court may rely on the plea agreement or the plea hearing transcript in denying his Rule 35(c) motion without a hearing on timeliness grounds.[5] *Cf. Kazadi v. People*, 2012 CO 73, ¶ 17, 291 P.3d 16, 22 ("A court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, the files, and the record clearly establish that the allegations in the motion lack merit and do not entitle the defendant to relief."). In the companion case we decide today, *Alvarado Hinojos*, we determine that Alvarado Hinojos is not entitled to a hearing on the applicability of the subsection (2)(d) exception because his plea agreement gave him reason to question and investigate his plea counsel's allegedly erroneous advice about the immigration consequences of the plea. Hence,

---

[5] We do not address whether the trial court may rely on any other part of the record (or on any other evidence) to reject without a hearing an assertion related to justifiable excuse or excusable neglect.

when the plea agreement or the plea hearing transcript is submitted, the trial court should consider it in conjunction with the allegations set forth in the Rule 35(c) motion.

¶18 With these principles in mind, we examine Chavez-Torres's motion. Our inquiry is whether he alleged facts which, taken at face value and considered in conjunction with the plea agreement and the plea hearing transcript, establish justifiable excuse or excusable neglect and therefore entitle him to a hearing on the applicability of the subsection (2)(d) exception.

## D. Application

¶19 Chavez-Torres advanced factual allegations related to some of the *Wiedemer* factors. *See Wiedemer*, 852 P.2d at 441–42. He asserted that:

- he told his plea counsel that he was not a citizen of the United States, but she nevertheless advised him to accept the prosecution's plea offer;

- his plea counsel failed to advise him that his plea would prevent him from becoming a lawful permanent resident or from applying for cancellation of removal proceedings;

- he was unaware that his plea would prevent him from remaining lawfully in the United States;

- he relied on and heeded his plea counsel's advice in accepting the plea offer;

- he did not learn that his conviction carried immigration consequences until removal proceedings were initiated against him;

- he would have rejected the plea offer and would have insisted on proceeding to trial if his plea counsel had properly advised him about the immigration consequences of the plea;

- he had no reason to question the validity of his conviction or the effectiveness of his plea counsel's assistance until he learned that his conviction prevented him from remaining in the United States; and

10

- his plea counsel is still an attorney practicing in Colorado (and is presumably available to testify at a hearing).

¶20 Thus, Chavez-Torres's motion set forth factual assertions related to four of the five *Wiedemer* factors. These factual assertions, if true, would establish that: (1) there were circumstances or outside influences that prevented him from filing his motion in a timely fashion; (2) he had no reason to question the constitutionality of his conviction during the three-year limitations period; (3) although he had a present need to challenge his conviction, *see People v. Mershon*, 874 P.2d 1025, 1036–37 (Colo. 1994), he neither knew his conviction was constitutionally infirm nor had reason to question its validity; and (4) the passage of time would not affect the prosecution's ability to respond to his challenge because his plea counsel is still a practicing attorney in Colorado (and could presumably be subpoenaed to testify at a hearing).[6] Notably, Chavez-Torres submitted the plea agreement and the plea hearing transcript with his motion, and neither document contains any references to immigration consequences. In other words, both documents corroborate Chavez-Torres's factual allegations.

¶21 Moreover, according to Chavez-Torres's motion, the time that elapsed between the day he learned of his plea's immigration consequences and the day he filed his motion did not exceed the amount of time prescribed in section 16-5-402(1) to collaterally attack

---

[6] The trial court found that "the prejudice to *the state's case* would be great" because of the passage of time. (Emphasis added.) But the passage-of-time factor relates to the effect on the prosecution's *ability to defend against the Rule 35(c) motion*, not to the effect on the prosecution's *ability to retry the case* in the event the requested relief is granted. *Close*, 180 P.3d at 1020.

11

his conviction (three years). While this is not one of the factors we included in the nonexhaustive list in *Wiedemer*, we find it relevant to the analysis. After all, the justifiable excuse or excusable neglect exception was never intended to give defendants who invoke its protection an unfair advantage.

¶22     Under these circumstances, we conclude that Chavez-Torres's allegations (which we must assume are true), when considered together with the plea agreement and the plea hearing transcript, are sufficient to establish justifiable excuse or excusable neglect for failing to file his Rule 35(c) motion within the three-year limitations period. Therefore, we hold that he is entitled to a hearing on the applicability of the subsection (2)(d) exception to the time bar in subsection (1).

¶23     In summarily denying Chavez-Torres's motion, the trial court concluded that the court of appeals' decision in *Martinez-Huerta* foreclosed a hearing. To the extent that the court in *Martinez-Huerta* suggested that a defendant who alleges that his plea counsel failed to advise him about the immigration consequences of the plea—as opposed to alleging that his plea counsel provided erroneous advice about the immigration consequences of the plea—can never be entitled to a hearing, ¶ 17, 363 P.3d at 757, we disagree with it.

¶24     The prosecution argues that an attorney's failure to advise a client does not generally establish justifiable excuse or excusable neglect. We agree. But the cases from the court of appeals on which the prosecution relies are inapposite because the scope of our analysis in this case is quite narrow—it is limited to Rule 35(c) claims in which a noncitizen defendant alleges justifiable excuse or excusable neglect under

12

subsection (2)(d) based on his plea counsel's purported failure to fulfill her legal duty to provide proper advice about the immigration consequences of his plea. In *People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001), the court concluded that counsel's failure to advise his client about the provisions of the Uniform Mandatory Disposition of Detainers Act did not amount to justifiable excuse or excusable neglect, and in *People v. Alexander*, 129 P.3d 1051, 1056 (Colo. App. 2005), the court determined that appellate counsel was not required by law to advise his client about the time limitations to file a postconviction motion. Neither of those cases involved plea counsel's alleged failure to provide proper advice to a noncitizen client about the immigration consequences of a plea.

¶25     There is a compelling reason why we chart a carefully circumscribed course today related to the immigration consequences of a plea. Changes to the immigration-law landscape "have dramatically raised the stakes of a noncitizen's criminal conviction" and have rendered removal from the country "an integral part—*indeed, sometimes the most important part*—of the penalty that may be imposed" when such a defendant pleads guilty to certain crimes. *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (emphasis added).

¶26     Recognizing that it is the courts' responsibility to ensure that no criminal defendant "is left to the 'mercies of incompetent counsel,'" *id.* at 374 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)), the U.S. Supreme Court explained in *Padilla* that "[t]he weight of prevailing professional norms supports the view that [constitutionally effective] counsel must advise her client regarding the risk of" removal from the country, *id.* at 367. *See also People v. Pozo*, 746 P.2d 523, 529 (Colo. 1987) ("When defense counsel in a criminal case is aware that his client is an alien, he may reasonably be required to

13

investigate relevant immigration law" because "thorough knowledge of fundamental [immigration] principles" may have a "significant impact on a client's decisions concerning plea negotiations and defense strategies."). "The severity of deportation— 'the equivalent of banishment or exile'— . . . underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Padilla*, 559 U.S. at 373–74 (quoting *Delgadillo v. Carmichael*, 332 U.S. 388, 390–91 (1947)). The Sixth Amendment can require nothing less of an attorney representing a noncitizen criminal defendant than "to provide advice about the risk of deportation arising from a guilty plea." *Chaidez v. United States*, 568 U.S. 342, 344 (2013).

¶27 Characterizing deportation as "uniquely difficult to classify as either a direct or a collateral consequence" of a criminal conviction, *Padilla*, 559 U.S. at 366, the U.S. Supreme Court has placed counsel's obligation to inform a "client whether his plea carries a risk of deportation," *id.* at 374, in virtually a class by itself. We see no reason why this same consideration should not be taken into account in assessing the entitlement of a criminal defendant to a hearing concerning a claim of justifiable excuse or excusable neglect for failing to challenge the validity of a conviction within the statutorily prescribed period.

¶28 The prosecution insists, however, that we should reverse the division's judgment based on court of appeals cases addressing ignorance of the law, lack of legal assistance, and the recent discovery of a legal basis to collaterally attack a conviction. The prosecution misses the mark here too. Neither *People v. White*, 981 P.2d 624, 626 (Colo. App. 1998), where White sought a finding of justifiable excuse or excusable neglect based on his ignorance of the time bar in subsection (1), nor *People v. Vigil*, 955 P.2d 589, 591–92

14

(Colo. App. 1997), where Vigil relied on his indigence, ignorance of the law, and lack of legal assistance to attempt to establish justifiable excuse or excusable neglect, dealt with plea counsel's legal duty to advise a noncitizen client about a plea's immigration consequences.

¶29 Finally, the prosecution maintains that an ineffective assistance of counsel claim can constitute justifiable excuse or excusable neglect for purposes of subsection (2)(d) only when *postconviction* counsel fails to timely file a Rule 35(c) motion or to otherwise pursue postconviction relief. Since Chavez-Torres's ineffective assistance claim is based on *plea* counsel's advice, the prosecution contends that he cannot show justifiable excuse or excusable neglect under subsection (2)(d). We are unpersuaded because the cases on which the prosecution leans do not support its position. True, in *People v. Valdez*, the court of appeals held that ineffective assistance of postconviction counsel can constitute justifiable excuse or excusable neglect pursuant to subsection (2)(d). 178 P.3d 1269, 1279 (Colo. App. 2007). It is likewise true that in *People v. Chang*, the court of appeals concluded that a finding of ineffective assistance of postconviction counsel would "satisfy defendant's obligation to establish justifiable excuse or excusable neglect to avoid the time bar contained in § 16-5-402." 179 P.3d 240, 243–44 (Colo. App. 2007). But in neither case did the court of appeals say that ineffective assistance by postconviction counsel is the *only* type of ineffective assistance of counsel that may constitute justifiable excuse or excusable neglect under subsection (2)(d). Nor has that court ever held that ineffective assistance by plea counsel cannot establish the justifiable excuse or excusable neglect

15

exception in subsection (2)(d) under any circumstances. And we have never suggested such a rule either.

¶30 In sum, since the plea agreement and the plea hearing transcript were submitted to the trial court, Chavez-Torres's factual allegations must be considered in conjunction with both documents. Doing so leads us to conclude that Chavez-Torres's motion merits a hearing on the applicability of the subsection (2)(d) exception.

## III. Conclusion

¶31 We conclude that the division correctly held that the trial court erred in summarily denying Chavez-Torres's postconviction motion. Accordingly, we affirm its judgment and remand with instructions to return the case to the trial court so that it may hold further proceedings consistent with this opinion.