20CA1349 Peo v Nardello 11-24-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1349 Larimer County District Court No. 09CR1781 Honorable Juan G. Villasenor, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Andrew Charles Nardello, Defendant-Appellant. ORDER AFFIRMED Division VII Opinion by JUDGE PAWAR Navarro and Grove, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 24, 2021 Philip J. Weiser, Attorney General, John T. Lee, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Andrew Charles Nardello, Pro Se 
1 ¶ 1 Defendant, Andrew Charles Nardello, appeals the district court’s order denying his most recent postconviction motion. We affirm. I. Background ¶ 2 In 2011, Nardello pleaded guilty to two counts of attempted first degree murder and one count of first degree burglary, and the district court sentenced him to consecutive sentences on each count for an aggregate sentence of 108 years in the custody of the Department of Corrections. ¶ 3 Since then, Nardello filed two postconviction motions claiming, among other things, that his sentences were unconstitutionally aggravated in violation of Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000); the court imposed aggravating sentences without findings of aggravation; his plea was not knowingly, voluntarily, and intelligently entered; and he received ineffective assistance from his plea counsel. The district court summarily denied the first motion, and a division of this court affirmed that order on appeal. See People v. Nardello, (Colo. App. No. 13CA0815, May 14, 2015) (not published pursuant to C.A.R. 35(f)) (Nardello I). As for the second motion, the district court 
2 denied it after a hearing, and another division of this court affirmed that order. See People v. Nardello, (Colo. App. No. 16CA1031, Sept. 14, 2017) (not published pursuant to C.A.R. 35(e)) (Nardello II). ¶ 4 Undeterred, Nardello filed his most recent postconviction motion in 2020 alleging various claims of ineffective assistance from his plea counsel, trial court errors, an invalid plea, and ineffective assistance from his postconviction counsel for failing to investigate the improper entry of a restitution order in his absence. The district court denied that motion without a hearing finding that it was time barred pursuant to section 16-5-402(1), C.R.S. 2021, and that Nardello had not alleged justifiable excuse or excusable neglect to overcome the time bar. II. Discussion ¶ 5 Reviewing de novo the district court’s summary denial of Nardello’s postconviction motion, see People v. Gardner, 250 P.3d 1262, 1266 (Colo. App. 2010), we perceive no error. A. Procedural Bars ¶ 6 Crim. P. 35(c)(2)(I) authorizes postconviction motions alleging that a conviction or sentence was obtained or imposed in violation of the Constitutions or laws of the United States or Colorado. 
3 However, Crim. P. 35(c) claims are subject to the following procedural bars: (1) absent justifiable excuse or excusable neglect, postconviction challenges to non-class 1 felonies must be brought within three years of the conviction becoming final, see § 16-5-
402(1), (2)(d); and (2) subject to certain exceptions, the court is required to deny any claim that either was raised and resolved, or could have been presented, in a previous postconviction proceeding, see Crim. P. 35(c)(3)(VI), (VII). 1. Time Barred Claims ¶ 7 Because Nardello did not pursue a direct appeal, his convictions became final in 2011 when the deadline for filing a direct appeal expired. See People v. Chavez-Torres, 2019 CO 59, ¶ 12 n.4. In his most recent motion, filed in 2020, Nardello raised numerous claims regarding ineffective assistance from his plea counsel, trial court errors, and the validity of his plea agreement. However, because he raised those claims more than eight years after his conviction became final, and did not allege facts that, if true, would establish justifiable excuse or excusable neglect for the late filing, the postconviction court did not err in denying those claims as time barred. See Crim. P. 35(c)(2)(I) (any motion filed 
4 outside the time limits of section 16-5-402 must allege facts that, if true, would establish an exception to the time bar); see also Chavez-
Torres, ¶ 13 (the motion must allege facts which, if true, would entitle the defendant to relief from the time bar) (citing People v. Wiedemer, 852 P.2d 424, 440 n.15 (Colo. 1993)). ¶ 8 To the extent Nardello’s motion alleged ineffective assistance of postconviction counsel, he raised that claim more than three years after his conviction became final and, thus, was required to assert specific facts that, if true, would establish justifiable excuse or excusable neglect for the untimely filing. See People v. Clouse, 74 P.3d 336, 341 (Colo. App. 2002) (the timeliness of postconviction counsel claims will almost always be assessed under a justifiable excuse or excusable neglect rubric because the postconviction proceedings will generally consume and even exceed the limitation period as measured from the date of conviction). Although Nardello asserts in his motion that ineffective assistance of postconviction counsel can provide justifiable excuse or excusable neglect, he waited more than eighteen months from the mandate of Nardello II to file his most recent motion. And, because his motion did not allege specific facts that, if true, would explain why he waited so 
5 long to file this postconviction counsel claim, the district court did not err in denying that claim as untimely. See Chavez-Torrez, ¶ 13. Even so, as discussed in part II.B below, his ineffective postconviction counsel claim fails. 2. Successive Claims ¶ 9 Other than his ineffective assistance of postconviction counsel claim, Nardello’s claims are also successive because they either were raised and resolved, or could have been presented, in his prior postconviction motions. Thus, because the exceptions outlined in Crim. P. 35(c)(3)(VI) and (VII) are not applicable here, the postconviction court was required to deny those claims as successive. Crim. P. 35(c)(3)(VI)(a)-(b) (excludes claims based on newly discovered evidence or new rules of constitutional law that apply retroactively), (VII)(a)-(e) (excludes claims based on newly discovered evidence, new rules of constitutional law that apply retroactively, events occurring after the prior postconviction proceeding, or the court lacking subject matter jurisdiction, and any claim that could not have been raised earlier due to an objective factor not attributable to the defendant); see also Dunlap v. People, 173 P.3d 1054, 1062 n.4 (Colo. 2007); People v. Houser, 
6 2020 COA 128, ¶ 15; see also People v. Aarness, 150 P.3d 1271, 1277 (Colo. 2006) (holding that an appellate court may affirm the trial court on any grounds supported by the record). B. Ineffective Assistance of Postconviction Counsel Claim Is Bare and Conclusory ¶ 10 Finally, even if we assume that Nardello’s ineffective assistance of postconviction counsel claim is not procedurally barred, we nevertheless conclude that the district court did not err in summarily denying it. ¶ 11 A district court may deny a postconviction motion without a hearing if the claims are bare and conclusory in nature and lack supporting factual allegations. People v. Venzor, 121 P.3d 260, 262 (Colo. App. 2005). ¶ 12 As presented in Nardello’s motion, the claim that postconviction counsel provided ineffective assistance merely states that postconviction counsel failed to investigate trial counsel’s ineffectiveness for failing to object to restitution. However, Nardello does not allege facts to establish that the restitution order was erroneously entered or that there was some defense to the restitution amount. Thus, this allegation is bare and conclusory, 
7 and the district court did not err in summarily denying it. See id.; see also Aarness, 150 P.3d at 1277. ¶ 13 To the extent Nardello’s opening brief on appeal alleges an additional claim regarding postconviction counsel’s failure to provide record support for his invalid guilty plea claim, we decline to address that issue because it is raised for the first time on appeal. See DePineda v. Price, 915 P.2d 1278, 1280 (Colo. 1996) (“Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.”); People v. Goldman, 923 P.2d 374, 375 (Colo. App. 1996) (allegations not raised in a postconviction motion aren’t properly before this court for review). III. Conclusion ¶ 14 The order is affirmed. JUDGE NAVARRO and JUDGE GROVE concur.