23CA0713 Peo v Barajas 02-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0713
El Paso County District Court No. 15CR297
Honorable Michael P. McHenry, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ilene Frances Barajas,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Cynthia A. Harvey, Alternate Defense Counsel, Castle Rock, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Ilene Frances Barajas, appeals the denial of her Crim. P. 35(c) motion without a hearing.  We affirm.

## I.    Background

¶ 2    A jury convicted Barajas of felony theft on August 5, 2015. Initially, the trial court sentenced Barajas to two years in prison. But after Barajas filed a timely Crim. P. 35(b) motion, the court reduced her sentence to eighteen months.  Following Barajas's unsuccessful direct appeal, a mandate issued on January 17, 2019.

¶ 3    On February 25, 2022 — more than three years after the mandate issued — Barajas filed a pro se motion for postconviction relief under Rule 35(c).  Procedurally, the motion asserted that Barajas's direct appeal was denied on January 24, 2020, and that the Rule 35(c) motion was timely.  But the motion also checked a box stating that Barajas had justifiable excuse or excusable neglect for not seeking timely relief.  Substantively, the motion included no factual allegations, specific claims, or legal authority.

¶ 4    The postconviction court nonetheless appointed postconviction counsel, who supplemented Barajas's Rule 35(c) motion and asserted claims of ineffective assistance of counsel.  Postconviction counsel acknowledged that Barajas's motion was untimely but

asserted that the late filing should be excused because Barajas's counsel had never advised her "of the correct deadline" to file her Rule 35(c) motion and she had relied on the advice of another attorney — who did not represent her in this case — who gave her an incorrect deadline. Barajas submitted a supporting affidavit stating that she "was never aware of a specific date for filing the 35c in this case" and that she had been advised by an attorney (who didn't represent her in this case) that her Rule 35(c) motion was due by "April of 2022."

¶ 5 The postconviction court denied the Rule 35(c) motion as untimely without holding an evidentiary hearing. It found that even construing the affidavit in the light most favorable to Barajas, Barajas's claim that she relied on information from an attorney who didn't represent her in this case was "not sufficient to establish justifiable excuse or excusable neglect."

## II. Justifiable Excuse or Excusable Neglect

¶ 6 Barajas contends that the postconviction court erred by denying her motion as untimely and concluding that she had failed to sufficiently allege justifiable excuse or excusable neglect.

¶ 7     Absent justifiable excuse or excusable neglect, Rule 35(c) motions must be brought within three years of a defendant's non-class 1 felony conviction.  § 16-5-402(1), C.R.S 2024.  Because Barajas missed that deadline by thirty-eight days, she needed to allege facts that, if true, established justifiable excuse or excusable neglect for the late filing.  *See* § 16-5-402(2)(d); *see also People v. Clouse,* 74 P.3d 336, 340 (Colo. App. 2002) (noting it's the defendant's burden to allege and establish justifiable excuse or excusable neglect).  And that determination "will generally depend on the specific factual allegations advanced in [the defendant's] motion." *People v. Hinojos,* 2019 CO 60, ¶ 17.

¶ 8     We review de novo whether a motion for postconviction relief alleged facts that, if true, would constitute justifiable excuse or excusable neglect and therefore entitle the defendant to a hearing on the applicability of that exception to the time bar.  *See id.* at ¶ 12.

¶ 9     In her postconviction filings and supporting affidavit, Barajas generally alleged that her untimely Rule 35(c) motion should be excused because (1) her trial and appellate counsel didn't tell her when her Rule 35(c) motion was due; (2) she was acting pro se and

misunderstood the filing requirements; and (3) another lawyer —
who was not her lawyer in this case — told her that the Rule 35(c)
motion was not due until April 2022 (when it was actually due on
January 17, 2022).

¶ 10    For several reasons, we agree with the postconviction court
that these allegations, even if true, were insufficient to establish
justifiable excuse or excusable neglect to merit a hearing. First,
Barajas didn't allege that either her trial or appellate counsel
affirmatively misadvised her about the Rule 35(c) deadline. Rather,
Barajas alleged that her attorneys didn't advise her when the
postconviction motion was due. But generally, the "absence of, or
failure to give, advice" doesn't establish justifiable excuse or
excusable neglect. *People v. Martinez-Huerta*, 2015 COA 69, ¶ 17;
*see People v. Chavez-Torres*, 2019 CO 59, ¶¶ 24-25 (recognizing
that, outside the immigration context, an attorney's failure to advise
a client does not generally establish justifiable excuse or excusable
neglect); *People v. Alexander*, 129 P.3d 1051, 1056 (Colo. App.
2005) (concluding that appellate counsel's failure to advise the
defendant about postconviction deadlines does not establish
justifiable excuse or excusable neglect).

¶ 11     Second, that Barajas was proceeding pro se and was confused about the deadline for filing a postconviction motion doesn't establish justifiable excuse or excusable neglect.  *See People v. Green*, 36 P.3d 125, 128 (Colo. App. 2001) (noting that a defendant's "[i]gnorance or misunderstanding of the law and lack of legal assistance" doesn't excuse the late filing of a Rule 35(c) motion).  Indeed, pro se defendants must comply with the same statutory deadlines as represented parties.  *See Adams v. Sagee*, 2017 COA 133, ¶ 10.

¶ 12     Third, we are aware of no authority — and Barajas directs us to none — suggesting that a defendant may be excused from filing a timely postconviction motion by relying on the erroneous advice of someone other than her counsel.  Thus, Barajas's alleged reliance on advice from a lawyer who didn't represent her in this case doesn't constitute justifiable excuse or excusable neglect.

¶ 13     Still, Barajas contends that her Rule 35(c) motion was only thirty-eight days late and that the postconviction court failed to consider "how the additional 38-day delay would cause great harm to the State in defending the conviction."  While the passage of time is a factor that may be considered in determining whether a

5

defendant has sufficiently alleged justifiable excuse or excusable neglect to warrant a hearing, given the overall circumstances here, Barajas has not alleged any facts that, if true, justify the thirty-eight-day delay. *See People v. Wiedemer*, 852 P.2d 424, 442 (Colo. 1993) (noting the passage of time is only one factor to balance in considering whether a defendant has established justifiable excuse or excusable neglect).

¶ 14    Because Barajas didn't allege sufficient facts that, if true, would establish justifiable excuse or excusable neglect, we conclude that the postconviction court correctly denied Barajas's Rule 35(c) motion without a hearing.

### III.    Disposition

¶ 15    The order is affirmed.

JUDGE TOW and JUDGE GRAHAM concur.