2013 COA 23

**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Esteban CAMPOS–CORONA,
Defendant–Appellant.**

**No. 11CA2293**

Colorado Court of Appeals,
Div. IV.

Announced February 28, 2013

---

John W. Suthers, Attorney General, Erin K. Grundy, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Hernández & Associates, P.C., Arnulfo D. Hernández, Christine M. Hernández, Jonathan R. Booker, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE FOX

¶ 1 Defendant, Esteban Campos–Corona, appeals from an order denying his motion for relief pursuant to Crim. P. 35(c). He contends that plea counsel was ineffective for failing to properly advise him of the deportation consequences of pleading guilty to distribution of a schedule II controlled substance. We affirm.

## I. Background

¶ 2 Campos–Corona was originally charged with one count of possession of a schedule II controlled substance with intent to distribute, and one count of conspiracy to distribute a schedule II controlled substance. He pled guilty to an added count of distribution of a schedule II controlled substance, in exchange for dismissal of the original charges and a more favorable sentencing range. After Campos–Corona successfully completed his sentence to probation, he faced deportation proceedings.

¶ 3 Campos–Corona filed a Crim. P. 35(c) motion seeking to withdraw his plea on the

ground that plea counsel was ineffective in advising him regarding the immigration consequences of his guilty plea. The postconviction court held a hearing and plea counsel testified that he obtained information regarding the deportation consequences of a conviction from an immigration attorney he consults regularly. He explained that he advised Campos–Corona that a guilty plea would make renewing his permanent residence status difficult, if not impossible, and that he would likely be deported. According to plea counsel, Campos–Corona wanted to plead guilty for a chance at a sentence to probation, and would deal with the immigration issue when it arose. However, plea counsel acknowledged that he had not told Campos–Corona the plea would subject him to a mandatory removal provision from which no discretionary relief could be had.

¶ 4 Campos–Corona testified that he had spoken to plea counsel two or three times before entering his plea and that plea counsel told him he "would [or] could have problems" renewing his permanent resident status. Campos–Corona gave conflicting testimony regarding whether plea counsel advised him that he could be deported as a result of pleading guilty. Campos–Corona testified that the plea court advised him about possible deportation consequences but that he was not advised that his plea would subject him to mandatory removal. Campos–Corona explained that if he had been told in absolute terms that he would be deported, he would not have entered a guilty plea.

¶ 5 The postconviction court found that plea counsel's representation was adequate regarding the potential deportation consequence of accepting the offer, and noted that the trial court had advised Campos–Corona that he could be deported. It found that plea counsel had spoken with an immigration attorney about the immigration ramifications of a conviction, and had secured the best possible plea offer in the face of overwhelming evidence, which included a confession from Campos–Corona. The postconviction court also found incredible Campos–Corona's testimony that plea counsel did not advise him of any possible deportation consequences.

¶ 6 The postconviction court further found that even if plea counsel had provided deficient representation, Campos–Corona failed to establish prejudice because Campos–Corona's main concern at the time of his plea was avoiding prison, and not the future issues with deportation.

## II. Ineffective Assistance of Plea Counsel

¶ 7 Campos–Corona contends that the postconviction court erred in denying his petition for postconviction relief. The People respond that plea counsel's representation was adequate, and that Campos–Corona failed to demonstrate prejudice. Although we conclude that counsel's performance was deficient, we agree that the petition was properly denied for failure to sufficiently demonstrate prejudice.

### A. Standard of Review

¶ 8 An appeal from an order denying a claim of ineffective assistance of plea counsel presents a mixed question of law and fact. We defer to the postconviction court's findings of fact if supported by the record, and review the conclusions of law de novo. *People v. Stovall*, 2012 COA 7, ¶ 18, 284 P.3d 151.

### B. Law

¶ 9 A guilty plea effects "a waiver of fundamental rights and, therefore, must be knowingly, intelligently and voluntarily made to be valid." *People v. Pozo*, 746 P.2d 523, 525–26 (Colo.1987). "[T]he voluntariness of a guilty plea entered by a defendant represented by counsel depends in part upon whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 526 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

¶ 10 In the context of guilty pleas, a defendant is entitled to relief for ineffective assistance of counsel by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that but for counsel's errors, the defendant "would not have pleaded guilty and would have insisted on going to

trial." *Stovall*, ¶ 19 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); *accord People v. Kazadi*, 284 P.3d 70, 72–73 (Colo.App.2011), *aff'd*, 2012 CO 73, 291 P.3d 16.

> In cases involving noncitizen defendants, when the terms of the relevant immigration statute are "succinct, clear and explicit" in defining the removal consequences associated with a particular conviction, counsel must give "correct advice." Conversely, when the law is not succinct and straightforward, "a criminal defense attorney need do no more than advise a noncitizen defendant that pending criminal charges may carry a risk of adverse immigration consequences."

*Kazadi*, 284 P.3d at 73 (citations omitted) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 369, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010)).

¶ 11 As relevant here, 8 U.S.C. § 1227(a)(2)(B)(i) (2008) mandates removal for violation of any law relating to controlled substances other than a single offense involving possession of marijuana for personal use of thirty grams or less. *Padilla*, 559 U.S. at 369, 130 S.Ct. at 1483. Here, Campos-Corona agreed that when he was arrested a significant quantity of cocaine was found in his possession and at his home.

### 1. Counsel's Performance

■ ¶ 12 The record shows that Campos-Corona was advised by both counsel and the trial court that the entry of his plea could, or likely would, result in deportation and difficulty re-entering the United States. However, Campos-Corona was not advised that pleading guilty would subject him to a mandatory, permanent removal provision. The postconviction court noted that *Kazadi* did not require plea counsel to determine with certainty that CamposCorona would be deported, and found that the advice CamposCorona received was a sufficient summary of the law.

¶ 13 We disagree with the postconviction court because here the relevant law is succinct and straightforward. Thus, plea counsel did not perform reasonably by merely advising Campos-Corona that a plea may carry an adverse immigration risk and thus did not provide adequate assistance. *Kazadi*, 284 P.3d at 73. Because Campos-Corona was not advised of mandatory removal, we conclude that the postconviction court erred in finding counsel's performance was reasonable. *Id.*

### 2. Prejudice

■ ¶ 14 The postconviction court also found that even if plea counsel had provided inadequate advice regarding the immigration consequences of pleading guilty, Campos-Corona failed to show that he was prejudiced. The record supports this finding.

¶ 15 Campos-Corona argues on appeal that, knowing that he would be deported, he would have rejected the plea offer in favor of trial. The postconviction court found that Campos-Corona's testimony at the hearing established only that he wanted to avoid prison and that but for any errors by plea counsel, he would not have changed his plea and proceeded to trial. *See Stovall*, ¶ 18 (we defer to findings of fact that are supported by the record). Under the circumstances presented to the trial court, it would not have been rational for Campos-Corona to proceed to trial when his overriding goal was to avoid prison. *See People v. Finney*, 2012 COA 38, ¶¶ 70–71, 328 P.3d 205 (in determining whether a defendant would have changed his plea, the court must determine whether a decision to proceed "would have been rational under the circumstances" (quoting *Padilla*, 559 U.S. at 372, 130 S.Ct. at 1485)). The record shows that the postconviction court questioned Campos-Corona's credibility and that the court was firmly convinced that Campos-Corona's overriding goal was to avoid going to prison. His plea advanced that goal. Accordingly, we cannot conclude that the postconviction court erred in finding that Campos-Corona failed to establish prejudice.

¶ 16 The order is affirmed.

JUDGE WEBB and JUDGE LICHTENSTEIN concur.