24CA1303 Peo v Cleveland 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1303
Boulder County District Court No. 22CR467
Honorable Patrick Butler, Judge
Honorable Bruce Langer, Judge
Honorable Dea M. Lindsey, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jerry Douglas Cleveland,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Meirink and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Teodorovic Law, P.C., Adrienne R. Teodorovic, Windsor, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Jerry Douglas Cleveland, appeals the district court's order denying his motion to withdraw his guilty plea under Crim. P. 32(d).  We affirm the order.

## I.     Background

¶ 2     Boulder County charged Cleveland with sexual assault on a child by one in a position of trust (a class 3 felony).  Cleveland rejected the initial plea offer and the case was scheduled for a jury trial.  On the morning of trial, Cleveland agreed to plead guilty to an added count two, sexual exploitation of a child (a class 5 felony), with a stipulation to probation and an agreement to dismiss the original charge.

¶ 3     Before pleading guilty, Cleveland and his attorney reviewed the new plea offer — extended for the first time that morning — but Cleveland did not review or sign the plea paperwork before the Crim. P. 11 plea colloquy.  The district court then conducted a plea colloquy, accepted Cleveland's plea, and ordered a presentence investigation (PSI) and a psychosexual evaluation.  Two days later, Cleveland filed a signed statement of plea agreement, which included a full Crim. P. 11 advisement and the additional conditions of probation for adult sex offenders.

1

¶ 4 Nearly three months later, and two days before the sentencing hearing, Cleveland moved to withdraw his guilty plea pursuant to Crim. P. 32(d). Shortly thereafter, Cleveland's plea counsel withdrew, and his new attorney moved to supplement Cleveland's motion to withdraw his guilty plea. The court denied the motion without a hearing.

¶ 5 Approximately one month later, Cleveland moved to reconsider the court's denial of the motion to withdraw his guilty plea. After an evidentiary hearing, the district court again denied the motion.

## II. Discussion

¶ 6 Cleveland contends that the district court abused its discretion in denying his Crim. P. 32(d) motion to withdraw his guilty plea. We disagree.

### A. Governing Law and Standard of Review

¶ 7 Crim. P. 32(d) allows a defendant to file a motion to withdraw a guilty plea before a sentence is imposed. *Kazadi v. People*, 2012 CO 73, ¶ 14. However, a defendant has no absolute right to withdraw a guilty plea. *People v. Boling*, 261 P.3d 503, 504 (Colo. App. 2011). To warrant plea withdrawal, the defendant bears the

burden of establishing a "fair and just reason." *Kazadi*, ¶ 14

(quoting *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988)).

¶ 8    A court should consider the following non-exclusive list of

factors to determine whether a defendant has shown a fair and just

reason to withdraw his plea: (1) whether the prosecution would be

prejudiced by the withdrawal of the guilty plea; (2) whether the

defendant promptly moved to withdraw the guilty plea; and (3)

whether the defendant has shown that "justice will be subverted" if

the motion is denied. *Crumb v. People*, 230 P.3d 726, 733 (Colo.

2010) (citations omitted).

¶ 9    Justice could be subverted by denying a Rule 32(d) motion

where a defendant was surprised or influenced into a plea of guilty

to which the person had a defense; where a plea of guilty was

entered by mistake or under a misconception of the nature of the

charge; where such plea was entered through fear, fraud, or official

misrepresentation; where it was made involuntarily; or where

ineffective assistance of counsel occurred in the process. *Kazadi*,

¶ 14.

¶ 10    The district court has broad discretion to determine whether

the defendant has demonstrated a fair and just reason to withdraw

a guilty plea, and we will not reverse the court's denial of a Rule 32(d) motion unless the court abused its discretion. *Id.* at ¶ 15. "A court abuses its discretion where its decision is manifestly arbitrary, unreasonable, or unfair, or it applies an incorrect legal standard." *People v. Rodriguez*, 2022 COA 98, ¶ 12.

## B.     Analysis

¶ 11     Cleveland argues that the district court abused its discretion in denying his request to withdraw his guilty plea because the court gave a deficient Crim. P. 11 advisement at the providency hearing and because he established several other fair and just reasons supporting withdrawal. We are not persuaded.

## 1.     Crim. P. 11

¶ 12     Cleveland argues that the district court failed to adequately advise him of the nature of the charge, the possible penalties, and the factual basis for the plea agreement, as required by Crim. P. 11(b)(1), (4), and (6), which constituted a fair and just reason to withdraw his guilty plea. The district court acknowledged that reviewing plea paperwork one or two days after the providency hearing may not be "best practice," but that Cleveland was nonetheless "aware of the charge he was pleading to, . . . aware of

4

the level of charge, and aware of the stipulated sentence as well as the potential penalties should he be unsuccessful on his probationary sentence." The record supports the court's findings.

¶ 13 Plea counsel testified at the evidentiary hearing that he advised Cleveland pre-plea that added count two was a charge "for people that possess or distribute child pornography." At the beginning of the providency hearing, the prosecution explained that the proposed agreement was for a guilty plea to "an added count two, a class 5 felony, sexual exploitation of a child." The court repeated the nature of the charge during the plea colloquy. *See People v. Cabral*, 698 P.2d 234, 236 (Colo. 1985) ("[T]he mere reading of a charge may be sufficient to satisfy the requirement of Crim. P. 11(b)(1) if the charge itself is readily understandable to persons of ordinary intelligence without further explanation by the court."). And in signing the plea paperwork, which included the elements of the offense, Cleveland acknowledged that he understood "the nature of the charge(s) against" him and that he "read and underst[ood] the elements of the offense."

¶ 14 Counsel testified that Cleveland was "not plead[ing] guilty to it because [he] did it," but for the benefit of the bargain. Counsel also

explained that he told Cleveland that "a plea bargain means you can plead guilty to something whether you did it or not."  Counsel testified that he advised Cleveland pre-plea of the sentencing range for a class 5 felony "if [he] were at some point to be sentenced to prison," and the plea paperwork also contained the sentencing range.  Counsel ultimately opined that Cleveland was adequately advised.

¶ 15    Viewed in totality, counsel's pre-plea advisement, the plea colloquy, and the plea paperwork ensured that Cleveland was fully advised in compliance with Crim. P. 11.  Consequently, Cleveland's claim that the district court failed to properly advise him is without merit.

## 2.    The *Crumb* Factors

¶ 16    Applying the *Crumb* factors, we perceive no abuse of discretion in the district court's finding that Cleveland failed to show a fair and just reason to withdraw his guilty plea.  *See Crumb*, 230 P.3d at 733.  Only the first factor is favorable to Cleveland because the district court found that the prosecution would not be prejudiced by Cleveland's withdrawal of his plea.  As explained below, the other

two *Crumb* factors weigh in favor of the district court's decision to deny Cleveland's motion to withdraw his guilty plea.

### a. Lack of Promptness

¶ 17 Cleveland contends that he promptly moved to withdraw his guilty plea after realizing that he had received bad advice from counsel. Specifically, Cleveland argues that he did not realize that he could not successfully complete sex offender intensive supervised probation (SOISP) while maintaining his innocence until he received the PSI one week before the sentencing hearing. The district court found that Cleveland's motion to withdraw his guilty plea was not prompt because he filed it "merely two days before sentencing and nearly three months after accepting the plea." *See id.* (concluding that the defendant's motion to withdraw his guilty plea was not prompt when he filed it forty-nine days after he entered the plea). The court also found that counsel informed Cleveland pre-plea "that he would be required to accept responsibility and undergo sex offender treatment." The record supports the court's findings.

¶ 18 Counsel testified that he advised Cleveland pre-plea of the requirement to "take responsibility at some point in some manner"

to successfully complete SOISP; that SOISP is "difficult" and "rigorous"; that sex offender treatment is "invasive, difficult, embarrassing"; that Cleveland's internet use would be restricted and monitored; and that there could be "difficulties associated with international travel."

¶ 19    Cleveland signed and filed plea paperwork two days after the providency hearing; the district court reviewed and approved it that day. In signing the plea paperwork, Cleveland "agree[d] to abide by all terms and conditions of" SOISP. The plea paperwork included a document listing twenty-nine additional conditions of probation for adult sex offenders. Cleveland initialed each of the twenty-nine conditions and signed the document, certifying that he "read these conditions carefully," "had the opportunity to ask questions about them," understood "the conditions fully," and "agree[d] to abide by them."

¶ 20    Immediately after the providency hearing, counsel retained the former head of the Boulder County Probation Department to help Cleveland complete the PSI paperwork and prepare for the PSI interview, and ultimately to successfully complete probation. To that end, Cleveland made the following statements during his PSI

interview, conducted nearly two months before he moved to withdraw his guilty plea:

- "All I can say is that I accept and agree with what this young woman said."

- "It's just exactly as she said."

- "Her account and words are perfectly fine."

- "I have great, great regret."

- "I had a momentary lapse of judgment many years ago; ten to twelve years ago."

¶ 21    But when Cleveland was interviewed for the psychosexual evaluation one month later, he once again denied all culpability.

¶ 22    Based on this record, it appears that Cleveland's reason for moving to withdraw his plea was simply that he changed his mind; he had been adequately advised of the requirements of SOISP, including the need to take responsibility, months before he moved to withdraw his guilty plea. *Compare People v. DiGuglielmo*, 33 P.3d 1248, 1250 (Colo. App. 2001) (trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea where "the record indicated that [the] defendant had simply changed his mind about the disposition to which he had agreed"),

9

*with Chippewa,* 751 P.2d at 610-11 (the defendant established a fair and just reason to withdraw his guilty plea where his parole status, revealed in the probation report, was unknown at the time of the providency hearing and he thus had "every reason to believe that he could receive a sentence that he was ineligible to receive").

¶ 23 Thus, we cannot conclude that the district court arbitrarily, unfairly, or unreasonably faulted Cleveland for the late filing of his motion.

### b. No Subversion of Justice

¶ 24 Cleveland next argues that justice would be subverted in denying his motion because he entered his plea through fear based on counsel's statements that Cleveland, as a sex offender, "would be a target for violence in prison." But the district court found, with record support, that Cleveland did not accept the plea agreement based on fear.

¶ 25 To be sure, counsel testified that the "dangerousness" of prison had been discussed numerous times "over the course of the previous three years . . . and it was certainly a piece of the equation about whether or not to accept this plea bargain." But counsel denied saying that Cleveland "would be shived" or "wouldn't last

fifteen minutes in prison." The court found that there was insufficient evidence that counsel told Cleveland he "would not last a day in prison," or that he would be "knifed" or "have a 'shiv' stuck in him." Based on the court's findings, which have record support, Cleveland's argument that justice would be subverted because he entered his plea through fear is unavailing.

¶ 26    Cleveland argues, without explanation, that justice would be subverted in denying his motion to withdraw guilty plea because "he was influenced . . . into taking the plea when he had a defense." But this claim was not raised in the district court and therefore, we decline to address it for the first time on appeal. *See People v. McClellan*, 515 P.2d 1127, 1128 (Colo. 1973) ("Since th[e] allegation was not raised in [the defendant's] motion and there was no finding on it by the trial court, this issue is not properly before this court for review."); *People v. Allman*, 2012 COA 212, ¶ 13 ("Explicit arguments alert the trial court to the challenger's contentions and enable the trial court to make a factual record on the issue, which is imperative to appellate review.").

### 3. Ineffective Assistance of Counsel

¶ 27    Finally, Cleveland argues that he entered his plea because of ineffective assistance of counsel.  We are not persuaded.

¶ 28    "Ineffective assistance of counsel at the time a guilty plea is entered may constitute a fair and just reason to withdraw the plea prior to sentencing."  *Kazadi*, ¶ 21.  To prevail on a Crim. P. 32(d) motion based on ineffective assistance of counsel, a defendant must meet the standards for both ineffective assistance of counsel and withdrawal of a guilty plea.  *People v. Madera*, 112 P.3d 688, 692 (Colo. 2005).

¶ 29    To prove the ineffective assistance of counsel in the plea context, a defendant has the burden of establishing that (1) his counsel performed deficiently and (2) a reasonable probability exists that, but for counsel's deficient performance, he would have pleaded not guilty and insisted on going to trial.  *See People v. Corson*, 2016 CO 33, ¶ 35 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

¶ 30    Failure to prove either prong is fatal to an ineffective assistance of counsel claim.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Corson*, ¶ 38 (if a defendant has failed to show

12

prejudice, a court may resolve an ineffective assistance of counsel claim on that basis and need not address whether counsel's performance was deficient).

¶ 31     Cleveland argues that he received ineffective assistance of counsel because (1) counsel misadvised him that he could successfully complete SOISP while maintaining his innocence; (2) counsel influenced Cleveland to plead guilty out of fear; and (3) counsel "pushed" Cleveland to accept the plea during an "unreasonably brief pre-plea conference." As discussed above, counsel did not advise Cleveland that he could successfully complete SOISP while maintaining his innocence and did not improperly influence Cleveland to plead guilty out of fear. And the district court found that counsel may not have used "best practices in advising" Cleveland, but "counsel's performance was not so deficient as to undermine the proper functioning of the adversarial process." The record supports the court's finding.

¶ 32     At the evidentiary hearing, counsel acknowledged that the morning of the plea was a "bit of a whirlwind" and that it was "unfair" that Cleveland had to make a "snap decision." But counsel testified that Cleveland was nonetheless "adequately advised" and

did not "have any concern or any questions . . . that went unanswered."

¶ 33     Counsel testified that he advised Cleveland that this offer "was in his best interests" because he would receive a determinate, rather than an indeterminate, sentence, and that the offer came with a stipulation to probation. Even if Cleveland were to struggle on SOISP because of his failure to take responsibility, counsel advised Cleveland pre-plea that if probation was revoked, "there would be a determina[te] and a much shorter prison sentence." Had Cleveland lost at trial, he would have faced a mandatory indeterminate prison sentence. Ultimately, counsel concluded that there was a "significant likelihood of a conviction" and that accepting the plea was "safer" than a jury trial.

¶ 34     Counsel's testimony demonstrates that Cleveland's primary reason for pleading guilty was to avoid an indeterminate prison sentence. *See People v. Campos-Corona*, 2013 COA 23, ¶ 15 (the defendant failed to establish prejudice from counsel's inadequate advice regarding the immigration consequences of pleading guilty when his "overriding goal [in accepting the plea offer] was to avoid going to prison"). And the record does not indicate that, even if

14

Cleveland received an adequate advisement, it would have been rational for him to reject the plea agreement. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (To obtain relief on an ineffective assistance claim premised on counsel's advice before the defendant enters a plea, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *People v. Sifuentes*, 2017 COA 48M, ¶ 21 (an analysis of whether a decision to reject a plea offer would have been rational should consider "the attractiveness of the plea deal and the risks of going to trial").

¶ 35    Accordingly, we perceive no error in the district court's finding that counsel's performance was not deficient.

## C.    Conclusion

¶ 36    For the reasons explained above, we conclude that the district court did not abuse its discretion in finding that Cleveland failed to establish a fair and just reason for withdrawing his guilty plea. *See Kazadi*, ¶ 14.

## III.    Disposition

¶ 37    The order is affirmed.

JUDGE MEIRINK and JUDGE HAWTHORNE concur.

15